IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LINWOOD EDDLETON,

    Petitioner,

v.                                                   Civil Action No. 3:09cv352

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Linwood Eddleton, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition").[1] Eddleton also submitted a Memorandum of Law and an Affidavit along with his § 2254 Petition. In his § 2254 Petition, Eddleton asserts that he was entitled to relief upon the following grounds:

| | |
|---|---|
| Claim 1 | "Counsel was ineffective for failure to investigate and file suppression motion pursuant to statements of possessing a firearm." |
| Claim 2 | "Counsel was in possession of impeachment evidence and failed to present at pretrial or jury trial." |

(§ 2254 Pet. 3.) Respondent filed a Motion to Dismiss (Docket No. 10) and Rule 5 Answer (Docket No. 11), providing Eddleton with appropriate *Roseboro*[2] notice (Docket No. 13).

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Respondent contends that Claim 1 lacks merit and that Claim 2 is procedurally defaulted. Eddleton responded to the motion, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT IN PART AND DENY IN PART Respondent's Motion to Dismiss (Docket No. 10).

## I. Procedural History

On May 23, 2006, after a bench trial, the Circuit Court for the County of Henrico found Eddleton guilty of burglary, grand larceny, and possession of a firearm by a convicted felon. Eddleton appealed his conviction. On appeal, Eddleton claimed that the evidence was insufficient. The Court of Appeals of Virginia denied his appeal. In denying his appeal, the Court of Appeals of Virginia aptly summarized the evidence of Eddleton's guilt as follows:

> Sally Kidd returned home from work one morning to discover that a dish, a pillow, a gun, a DVD player, a camera, and a drill were missing from her home and that a bathroom window was broken with the curtain pulled aside. Police found blood on a toilet seat in the bathroom.
> A forensic expert testified that a sample of appellant's DNA "cannot be eliminated as a contributor to the DNA profile" obtained from the blood. She stated that, "[t]he probability of randomly selecting an unrelated individual matching that developed from the [blood] is approximately one in greater than six billion." Also, an investigator testified that, when he questioned appellant, appellant provided the investigator with specific details of the crime; appellant knew, for example, that the burglar entered through a side window, that the house was in the middle of the block, and that a gun was stolen.
> Appellant contends his fingerprints were not found anywhere in the house or on the stolen gun and no eyewitnesses placed him at the scene. Nonetheless, the DNA evidence and the investigator's testimony were sufficient to prove beyond a reasonable doubt that appellant committed the offenses.

*Eddleton v. Commonwealth*, No. 2171-06-2, 1-2 (Va. Ct. App. Feb. 14, 2007). Eddleton thereafter petitioned the Supreme Court of Virginia for an appeal. On September 10, 2007, the Supreme Court of Virginia refused Eddleton's petition for appeal.

2

On September 9, 2008, Eddleton filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Eddleton asserted that he was entitled to relief upon the following grounds:

| | |
|---|---|
| Claim A | Petitioner was denied the effective assistance of counsel.<br>(1) Counsel was not adequately prepared for trial.<br>(2) Counsel failed to provide Petitioner with a motion for discovery.<br>(3) Counsel failed to file a motion to suppress. |
| Claim B | "I was not represented nor tried according to constitutionally [sic] standards when there was neither evidence supporting the charge of possession of a firearm, or a defense mounted against the same." (Respt.'s Br. in Supp. of Mot. to Dismiss Attach. 6, State Habeas Pet. Attach. A, 1.) |
| Claim C | "There is a blatant violation of my constitutional right to a due process - and more specifically my Miranda rights." (State Habeas Pet. Attach A, 3.) |
| Claim D | "Appeal counsel was ineffective and refused to represent me to constitutionally acceptable standards when she refused to advocate my position or argue the sufficiency of the evidence on the firearm alone." (State Habeas Pet. Attach A, 4.) |

On March 19, 2009, the Supreme Court of Virginia denied Eddleton's petition.

## II. Analysis

### A. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination, via federal habeas laws, "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle* 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize

3

all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion, which is the primary concern in the present case, requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts).

Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker*, 220 F.3d 289 (*quoting Matthews*, 105 F.3d at 911). "The exhaustion requirement does not, however, prohibit a district court from considering evidence not presented to the state courts. . . . that does not 'fundamentally alter the legal claim already considered by the state courts.'" *Winston v. Kelly*, 592 F.3d 535, 549 (4th Cir. 2010) (*quoting Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)). The United States Court of

4

Appeals for the Fourth Circuit concluded that *Vasquez* "permit[s] a district court to consider new evidence if it supports factual allegations for which there is already at least some support in the state record." *Id.* at 550.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### B. Claim 2

In his state habeas petition, Eddleton did not present to the Supreme Court of Virginia any claim that counsel was deficient for failing to utilize impeachment evidence. If Eddleton were now to attempt to present such a constitutional claim to the Supreme Court of Virginia, that court would find the claim procedurally barred pursuant to Virginia Code Section 8.01-654(B)(2). That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of

5

filing . . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. 8.01-654(B)(2) (West 2010). Eddleton knew the facts underpinning the impeachment claim he brings to this Court at the time he filed his state habeas petition. Section 8.01-654(B)(2) bars his bringing his claim here, and it constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Accordingly, Claim 2 will be DISMISSED.

## C. Claim 1

To demonstrate the ineffective assistance of counsel, a petitioner must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). The prejudice component requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, a court need not determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim 1, Eddleton contends that counsel performed deficiently by failing to file a motion to suppress with respect to the statements he made on the day of his arrest. The trial record reflects that after Eddleton was arrested, he was read his *Miranda* rights and waived the

same. (Trial Tr. at 31.) Thereafter, Detective Kopacki and Investigator Guess questioned Eddleton. According to Detective Kopacki:

> [I] [a]sked him concerning the burglary on Carole Street. I also asked him his past, if he was a convicted felon. He did state that he was a convicted felon. I asked him where the house was. He stated the house was in the middle of a block. Then he stated that a guy Tommy was with him at the time and Tommy actually entered through the side window. He stated he went through the door, that he did go into the house, that he walked around the house, that he did not know which room the gun came from. He stated that Tommy gave him the gun, when he came out of the house, that it was a semi-auto; and that the window that they entered in was the bathroom window.

(Trial Tr. 34.) Investigator Guess provided a similar account of Eddleton's statement. (Trial Tr. 38-39.)

When faced with this claim on state habeas, the Supreme Court of Virginia concluded that Eddleton had not satisfied either the performance or the prejudice prong of *Strickland* because Eddleton "failed to articulate a valid legal basis upon which counsel should have filed a motion to suppress." *Eddleton v. Dir. of the Dep't of Corr.*, No. 081880, 2 (Va. Mar. 19, 2009). In his Memorandum of Law offered in support of his § 2254 Petition, Eddleton contends that he "wrote letters to counsel explaining that petitioner never admitted to possessing a gun and never gave statements to either investigator[] Kopacki nor Officer J. Guess." (Mem. of Law in Supp. of § 2254 Pet. 6.)[3]

---

[3] There are at least two procedural problems with Eddleton's current claim that counsel should have moved to suppress his alleged confession on the grounds that he did not confess. First, it is not clear whether Eddleton properly presented the operative facts to the state court. This would affect this Court's exhaustion analysis. *See Winston*, 592 F.3d at 549-50. Second, Eddleton's explanation as to why counsel should have filed a motion to suppress appears before this Court in an unsworn memorandum. *See Venable v. Ray*, 3:07cv00203, 2008 WL 3843448, at *6 n.6 (E.D. Va. Aug. 15, 2008). Nevertheless, because Claim 1 will be dismissed for lack of merit, the Court declines to address these procedural issues.

Apparently, Eddleton wished counsel to move to suppress the testimony of Guess and Kopacki on the grounds that it was not true. Such grounds go to the weight and value to be assigned to his alleged confession and do not provide a viable basis for the exclusion or suppression of his confession. *See Wilson v. Commonwealth*, 255 S.E.2d 464, 468 (Va. 1979) ("When the trial judge admits a confession into evidence, he does not vouch for its truth, but admits it for the jury's consideration along with all the other evidence. Its weight and sufficiency are questions for the jury." (*citing McCoy v. Commonwealth*, 144 S.E.2d 303, 307-08 (Va. 1965); *Upshur v. Commonwealth*, 197 S.E. 435, 437 (Va. 1938))). On this record, the Court find that no reasonable possibility exists that the Circuit Court would have suppressed or excluded the testimony of Kopacki and Guess as regarding Eddleton's confession simply because Eddleton denied making the statements.[4] Therefore, Eddleton has not demonstrated deficiency or prejudice. Accordingly, Claim 1 will be DISMISSED.

D.  **Allegations in Eddleton's Memorandum of Law**

In the Memorandum of Law attached to his § 2254 Petition, Eddleton makes a number of discursive arguments as to why counsel performed deficiently. The Fourth Circuit has instructed that federal district courts must liberally construe pleadings by *pro se* litigants, including § 2254

---

[4] Eddleton does not cite, nor could the Court locate, any case where a Virginia court had suppressed a confession on the grounds that the defendant denied making the confession. Such a challenge goes to the veracity of Kopacki and Guess. Thus, it was not a viable basis for a pretrial motion to suppress or exclude. Rather, the Circuit Court allowed Eddleton to challenge the veracity of Kopacki and Guess at trial by cross-examination, or, if Eddleton chose, through the introduction of his own testimony. *See Hoffa v. United States*, 385 U.S. 293, 311 (1966) ("The established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury.")

petitions.[5] *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975). Under the present circumstances, it is appropriate to provide Eddleton with an opportunity to replead any claims for habeas relief in his Memorandum of Law in accordance with the Rules Governing Section 2254 Cases in the United States District Courts. *Cf. Houchens v. Smith*, No. 92-6534, 1992 WL 387535, at *2 (4th Cir. Dec. 31, 1992) (concluding that "[b]ecause [petitioner] was not given an opportunity to replead his ineffective assistance claim in his first habeas petition with more particularity, we do not find any legitimate state interest in denying [petitioner's] attempt to particularize his claim in his second habeas petition"). Accordingly, the Clerk will be DIRECTED to mail to Petitioner the standardized form for filing a 28 U.S.C. § 2254 petition. The Clerk shall WRITE the civil action number for the present action on the form. Petitioner will be DIRECTED to complete the form in its entirety and return the form to the Court within fifteen (15) days of the date of entry hereof.

Petitioner must state the facts that make his detention unlawful. The Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds concisely set forth on this standardized form and on any attached pages. Petitioner may not revisit Claim 2 as to impeachment evidence on which this Court has already ruled. Petitioner may not incorporate other documents by reference. Failure to complete and return the form in a timely manner will result in dismissal with prejudice of this action. *See* Fed. R. Civ. P. 41(b).

---

[5] Citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994), for the proposition that "[o]blique references" are insufficient to state a claim for habeas relief, Respondent contends that neither Respondent, nor the Court is responsible for culling the Memorandum of Law to identify additional claims for federal habeas relief. The foregoing comment by the Fourth Circuit was made in reference to a habeas petitioner's submissions before a state court, and does not address a petitioner's pleading burden on federal habeas. *Id.* at 994-96.

Within forty-five (45) days of the date of entry hereof, Respondent shall address the claims in any forthcoming petition. To the extent Respondent contends that any claims are unexhausted or defaulted, his argument must incorporate the decision in *Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010), in his analysis. Additionally, within forty-five (45) days of the date of entry hereof, Respondent shall have the complete record of the Eddleton's state habeas proceeding transported to this Court.

### III. Conclusion

Based on the foregoing reasons, the motion to dismiss (Docket No. 10) will be GRANTED IN PART AND DENIED IN PART.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-19-10